DR. JOSEPH HAAS REMEDY COMPANY, *Appellant*, v. J. H. DONOVAN, *doing business as The Donovan Transfer Company, Appellee.*

No. 16,223.

1. CONTRACTS—*Party Incapacitated by Drunkenness—Finding Held Conclusive on Review.* A finding that the defendant was incapacitated by drunkenness from entering into a contract was supported by evidence.

2. —— *Notice of Defenses—Election—Estoppel.* Where the defendant gave a specific reason for refusing to comply with a contract, but before action was brought also assigned another reason, the plaintiff had notice of the second defense and was not prejudiced because the defendant was allowed to maintain it.

Appeal from Leavenworth district court; JAMES H. GILLPATRICK, judge. Opinion filed December 11, 1909. Affirmed.

*A. E. Dempsey,* for the appellant.

*F. B. Dawes,* and *C. P. Rutherford,* for the appellee.

Haas v. Donovan.

*Per Curiam:* This case turns entirely upon a question of fact—whether or not the appellee was incapacitated by reason of protracted drunkenness from entering into the contract at the time he executed the order sued on. It is contended by the appellant that there is not sufficient evidence to sustain the finding of the jury in favor of the appellee. The court below also heard the evidence, and sustained the verdict. We have read the evidence and find that it abundantly sustains the finding of the jury.

It is true that the appellant produced in evidence a letter written by the appellee some time after the execution of the order in question, assigning another reason for his failure to comply with the contract, but the appellant's salesman who took the order thereafter called upon the appellee to collect the indebtedness, if any indebtedness existed under the contract, and the appellee then stated as a reason for not making the payment the reason assigned in the letter and the further reason that he was drunk. From this it appears that the appellant had notice of this defense before the commencement of this action, and he is therefore not prejudiced by the alleged "mending of his hold" by the appellee.

The judgment is affirmed.